**CIVIL COVER SHEET**

JS-44 (Rev. 7/16 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Neil Manausa | Federal National Mortgage Association (a/k/a Fannie Mae), et. al |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Joseph F. Cunningham<br>Cunningham & Associates, PLC<br>1901 N. Moore Street, #802<br>Arlington, VA  22209 | ATTORNEYS (IF KNOWN)<br>Damien G. Stewart<br>Fannie Mae<br>3900 Wisconsin Avenue, NW<br>Washington, DC  20016 |

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place an X in one category, A-N, that best represents your Cause of Action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
- ☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
- ☐ 151 Medicare Act

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

- ☐ 470 Racketeer Influenced & Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| | | | |
|---|---|---|---|
| ○ **G.** *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ○ **H.** *Employment Discrimination*<br>☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ **I.** *FOIA/Privacy Act*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ○ **M.** *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ **N.** *Three-Judge Court*<br>☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ● 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge  ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
12 U.S.C. 1723(a); 28 U.S.C. §1331 and 28 U.S.C. §1441

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | DEMAND $300,000<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES [X]  NO [ ] |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES [ ]    NO [X] | If yes, please complete related case form |

DATE: 01/11/2017     SIGNATURE OF ATTORNEY OF RECORD     Damien G. Stewart

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

- **I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

- **III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

- **IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

- **VI.** CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

- **VIII.** RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL MANUASA,<br><br>    Plaintiff,<br><br>vs.<br><br>FANNIE MAE, ET AL<br><br>    Defendants | CASE NO.: 1:17-cv-62 |

## NOTICE OF REMOVAL

Defendant, the Federal National Mortgage Association ("Fannie Mae"), and Individual Defendants Elizabeth Shutler and Daphne Williams, hereby give notice of the removal of this action from the Superior Court of the District of Columbia, Civil Division (Case No. 16-008842), to this Court.[1] Removal is proper under 12 U.S.C. 1723(a); and 28 U.S.C. §1331 and 28 U.S.C. §1441.

## BACKGROUND

1.      Fannie Mae is a government-sponsored enterprise that Congress chartered to provide liquidity, stability and affordability to the United States housing and mortgage markets, including by establishing secondary market facilities for residential mortgage and by promoting access to mortgage credit throughout the nation. 12 U.S.C. §§ 1716, 1451.

2.      Plaintiff, Neil Manuasa, was employed by Fannie Mae from May 3, 2010 through his termination from the Company on December 21, 2015. Complaint ¶9.

3.      Plaintiff filed this action in the D.C. Superior Court on December 8, 2016.

---

[1] The third named individual defendant, Gordon Thompson, a current Fannie Mae employee, has not been served with the complaint filed in the Superior Court as of the date of this filing.

4. Plaintiff's Complaint alleges State law claims for unlawful discrimination in violation of the D.C. Human Rights Act, D.C. Code Ann. §2-1401 *et seq.*, and other State common law claims.

## STATEMENT OF JURISDICTION

5. Removal of this action is proper because Fannie Mae has an unconditional right to remove this action under its charter, 12 U.S.C. 1723(a).

6. Fannie Mae's federal charter vests it with an unconditional right to remove this action to this Court. The charter authorizes Fannie Mae to "sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." *See* 12 U.S.C. § 1723a(a). The D.C. Circuit Court of Appeals has held that such language confers federal subject-matter jurisdiction on all claims against Fannie Mae. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779 (D.C. Cir. 2008).[2]

7. The D.C. Circuit Court of Appeals has also held that it is "appropriate" for a district court to exercise its supplemental jurisdiction "over the ancillary state law claims (with their attendant party defendants)…" *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 415 (D.C. Cir. 2014).

8. The instant Notice of Removal is timely. A notice of removal ordinarily must be filed within 30 days after process has been properly served. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Plaintiff sent the Complaint to Fannie Mae via process server on or about December 22, 2016.

9. Attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon Fannie Mae in the D.C. Superior Court. *See* 28 U.S.C. § 1446(a). Fannie Mae will

---

[2] Fannie Mae's right to remove under its charter was contested in *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 682 (9th Cir. 2014). The U.S. Supreme Court has granted certiorari in *Lightfoot v. Cendant Mortg. Corp.*, 136 S. Ct. 2536, 2016 U.S. LEXIS 4291 (U.S., 2016)

also promptly file a Notice of Filing of Notice Removal in the D.C. Superior Court. *See* § 1446(d).

## CONCLUSION

Fannie Mae therefore respectfully requests that this action be removed to this Court.

/s/
Damien G. Stewart
Associate General Counsel
Fannie Mae
3900 Wisconsin Avenue, NW
Washington, D.C. 20016
202-752-6871 (Tel)
703-997-7405 (Fax)

*Counsel for Defendant Fannie Mae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January 2016, a copy of Defendants' Notice of Removal was served electronically upon the following:

Joseph F. Cunningham
Cunningham & Associates, PLC
1901 N. Moore Street, #802
Arlington, Virginia 22209
info@cunninghamlawyers.com

/s/
Damien G. Stewart

# EXHIBIT A





**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Neil Manausa
_____
Plaintiff

vs.                                                       Case Number  2016 CA 008842 B

The Federal National Mortgage Associates a/k/a Fannie Mae
_____
Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Joseph Cunningham, Cunningham & Associates, PLC
Name of Plaintiff's Attorney
1901 N. Moore St., #802
Address
Arlington, VA 22209

703-294-6500
Telephone

*Clerk of the Court*

By _____ Deputy Clerk

Date  12/08/2016

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Neil Manausa    Case Number: 2016 CA 008842 B

vs    Date: _____

Fannie Mae, et al

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Joseph F. Cunningham | Relationship to Lawsuit |
|---|---|
| Firm Name: Cunningham & Associates, PLC | ☒ Attorney for Plaintiff<br>☐ Self (Pro Se) |
| Telephone No.: 703-294-6500   Six digit Unified Bar No.: 065532 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury
Demand: $ 300,000    Other: **Specific Performance of Contract**

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**                                    **COLLECTION CASES**

☒ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                    Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile             ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion             ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy               ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                    Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference            ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution             ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal                 ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,      ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                          Not Malpractice)                    ☐ 23 Tobacco
                                                                        ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment | D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____/s/_____  _____12/6/2016_____
Attorney's Signature                Date



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

NEIL MANAUSA
Vs.                                                                    C.A. No.        2016 CA 008842 B
THE FEDERAL NATIONAL MORTGAGE ASSOCIATION et al

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                                                Chief Judge Robert E. Morin

Case Assigned to: Judge RONNA L BECK
Date: December 8, 2016
Initial Conference: 9:30 am, Friday, March 10, 2017
Location: Courtroom 219
                500 Indiana Avenue N.W.

                                                                                                                                    Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

Caio.doc

Filed
D.C. Superior Court
12/08/2016 14:59PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NEIL MANAUSA**<br>43725 Raleigh Place<br>Ashburn, VA 20147<br><br>    **Plaintiff**<br><br>v.<br><br>**THE FEDERAL NATIONAL MORTGAGE ASSOCIATION (A/K/A FANNIE MAE)**<br>3900 Wisconsin Ave NW<br>Washington, DC 20016<br><br>    &<br><br>**ELIZABETH SHUTLER**<br>21592 Avens Court<br>Ashburn, VA 20148<br><br>    &<br><br>**GORDON THOMPSON**<br>11600 American Dream Way<br>Reston, VA 20190<br><br>    &<br><br>**DAPHNE WILLIAMS**<br>3900 Wisconsin Ave NW<br>Washington, DC 20016<br><br>    **Defendants** | Case No. 2016 CA 008842 B |

### COMPLAINT

Plaintiff Neil Manausa files this complaint pursuant to DC Superior Court Rule 3, and asks for the relief requested.

### Parties

1. Neil Manausa is a citizen of the United States and a resident of Virginia.

2. The Federal National Mortgage Association (a/k/a Fannie Mae) ("Fannie Mae") is a corporation headquartered in Washington, DC and incorporated in Delaware. It is a federally chartered institution.

3. Gordon Thompson is an employee of Fannie Mae residing and working at times in the District of Columbia and Virginia.

4. Elizabeth "Beth" Shutler is an employee of Fannie Mae residing and working at times in the District of Columbia and Virginia.

5. Daphne Williams is an employee of Fannie Mae, residing and working in the District of Columbia.

### Venue and Jurisdiction

6. Jurisdiction is proper under D.C. Stat. § 11-921, as the claims in this Complaint stem from common law tort and contract actions, and the DC Human Rights Act.

7. Venue is proper under DC law and rules because DC is where the wrongs alleged were in whole or in part carried out.

### General Allegations

8. Neil Manausa was an employee of Fannie Mae.

9. Fannie Mae terminated Mr. Manausa's employment on December 21, 2015, without just cause.

10. Mr. Manausa was employed pursuant to an employment contract with Fannie Mae.

11. That agreement was made in DC.

12. Mr. Manausa worked in the District of Columbia and Virginia.

13. Gordon Thompson and Daphne Williams called Mr. Manausa and informed him of the termination.

14. Prior to termination, Mr. Manausa had successfully worked on various coding projects for Fannie Mae. Fannie Mae assigned him to work for Thompson's group because Thompson lacked Mr. Manausa's expertise in coding.

15. When Mr. Manausa made recommendations to Thompson, Thompson berated, belittled, and harassed him.

16. Fannie Mae maintains an Ethics Policy and Personal Improvement Plan, as well as other policies, which employees and managers are expected to follow. Personnel actions must be taken within the confines of these policies. Mr. Manausa was fired without regard to any of these policies.

17. Adherence to Fannie Mae policies is the practice of Fannie Mae and its employees, and those policies represent portions of the terms and conditions of employment.

18. Mr. Manausa had excellent reviews by his previous managers, and it was only Thompson who differed in his subsequent evaluations.

19. Thompson fabricated various criticisms of Mr. Manausa, which Mr. Manausa rebutted.

20. When Mr. Manausa complained about various violations, Shutler and Thompson attempted to silence him by ordering him to remain quiet and to stop complaining to Human Resources (HR).

21. Fannie Mae offered Mr. Manausa a senior buyout package, offered only to employees of age 55 and over, which was available to Mr. Manausa during the last few months prior to his termination.

## Count 1

### Breach of Contract

22. All preceding paragraphs are incorporated herein by reference.

23. Mr. Manausa was employed pursuant to the terms of an employment contract with Fannie Mae.

24. Defendants owed plaintiff a duty to allow him to perform his employment contract without unwarranted and unreasonable interference.

25. Defendants terminated Mr. Manausa's employment contract.

26. Defendants did not have the right to terminate Mr. Manausa's employment contract without first adhering to the terms and conditions of Fannie Mae's Ethics Policy, Personal Improvement Plan policy, and other policies.

27. Mr. Manausa lost his job and suffered economic, mental, and other damage as a result of the defendants' breach of Mr. Manausa's employment contract..

## Count II

### Breach of the Duty of Good Faith and Fair Dealing

28. All preceding paragraphs are incorporated herein by reference.

29. Defendants had a duty of good faith and fair dealing with respect to the obligations owed to Mr. Manausa under his employment contract.

30. Defendants breached this duty by improperly terminating Mr. Manausa; by failing to abide by Fannie Mae's policies; by acting in bad faith on the basis of Thompson's personal dislike of Mr. Manausa; and because of Mr. Manausa's age.

31. Mr. Manausa's contract was terminated without just cause.

32. As a result, Mr. Manausa lost his job and suffered other damage as aforesaid.

## Count III

### Tortious Interference with a Business Relationship

33. All preceding paragraphs are incorporated herein by reference.

34. Thompson, Williams, and Shutler intentionally interfered with Mr. Manausa's employment contract by harassing Mr. Manausa and depriving him of his rights under the employment contract.

35. Thompson, Williams and Shutler acted with the intent to disrupt or terminate Mr. Manausa's arrangement with Fannie Mae.

36. On December 17, 2015, after refusing to sign a document containing false allegations, Mr. Manausa announced to Thompson and Shutler, the appropriate supervisors, that he would accept the senior buyout package Fannie Mae had extended to him. Both acknowledged Mr. Manausa's decision.

37. The senior buyout package gave Mr. Manausa the option of accepting money, benefits, and other things of value in exchange for his voluntary separation from Fannie Mae.

38. When Thompson and Shutler learned that Mr. Manausa planned to leave voluntarily, they improperly interfered with this business relationship by immediately terminating Mr. Manausa for reasons they fabricated.

39. As a result, Mr. Manausa was denied the benefits of the buyout under his employment contract, and damaged as aforesaid.

## Count IV

### Violation of the DC Human Rights Laws, DC. Code § 2-1401.01, *et seq.*

40. All preceding paragraphs are incorporated herein by reference.

41. Defendants terminated Mr. Manausa because of his age and chose to do so once it learned Mr. Manausa planned to accept the senior buyout package.

42. Thompson specifically targeted Mr. Manausa, as he had others, because of Mr. Manausa's age, and without valid reason. Other reasons for Mr. Manausa's termination are specious.

43. Defendants' acts violate the DC Human Rights Law.

44. Mr. Manausa was damaged as aforesaid.

## Prayer for Relief

45. Wherefore, plaintiff requests the following relief:

46. Damages in the amount of $300,000.00.

47. Specific performance of the senior buyout agreement.

48. Back pay in the amount of one year's salary.

49. Front pay in the amount of one year's salary.

50. Attorneys' fees, costs and expenses.

51. Interest on the aforesaid damages.

## Demand for Jury Trial

Trial by jury is demanded.

Neil Manausa
By Counsel:

/s/
Joseph F. Cunningham (65532)
Cunningham & Associates, PLC
1901 N. Moore St. #802
Arlington VA 22209
P: 703-294-6500
E: info@cunninghamlawyers.com

## CERTIFICATE OF SERVICE

I HEREBY certify that the foregoing Complaint was served by _____ on this _____ day of _____ 2016, to the following:

Fannie Mae
General Counsel
3900 Wisconsin Ave NW
Washington, DC 20016

Gordon Thompson
11600 American Dream Way
Reston, VA 20190

Elizabeth Shutler
21592 Avens Court
Ashburn, VA 20148

Daphne Williams
3900 Wisconsin Ave NW
Washington, DC 20016

_____
Joseph F. Cunningham